FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 2016 MAY -3 PM 1:27
ORLANDO DIVISION

**MELODY JONES,**

    **Plaintiff,**

**vs.**                                            **CASE NO.** 6:16-cv-758-orl-28TBS

**STEAK N SHAKE OPERATIONS,**
**INC. d/b/a STEAK N SHAKE #285**

    **Defendant.**

___

## DEFENDANT'S NOTICE OF REMOVAL

Defendant STEAK N SHAKE OPERATIONS ("Steak N Shake" or "Defendant"), by and through its undersigned attorneys and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully files this Notice of Removal giving notice that it is removing this civil action to the United States District Court for the Middle District of Florida, Orlando Division. In support of this Notice of Removal, Defendant states as follows:

## PROCEDURAL ALLEGATIONS

1.    On or about April 6, 2016, Plaintiff Melody Jones ("Plaintiff") filed a Complaint in the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida, entitled *Melody Jones v. Steak N. Shake Operations, Inc., d/b/a Steak N Shake* designated Case No. 2016-CA-951-OC (hereafter referred to as the "State Court Action"). In the Complaint, Plaintiff brought a cause of action based on the Florida Minimum Wage Act, Fla. Stat. § 448.110 and the Florida Constitution, Fla. Const. Art. X §24(c).

2. On April 13, 2016, Defendant was served with a Summons and Complaint by process service. A copy of the Notice of Service of Process is attached hereto as **Exhibit "A."**

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty-days (30) from the date on which the summons was served. No orders have been signed by the state judge presiding over this action, and there are no pending motions. (Copies of all pleadings and other papers or exhibits of every kind on file in the State Court Action are attached hereto as **Exhibit "B."**)

I. **DIVERSITY OF CITIZENSHIP**

4. This Court has original jurisdiction under 28 U.S.C. §1332, and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. In order to qualify for diversity jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as the defendant. See Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (citing Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996), overruled on other grounds by Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000)).

6. In the Complaint, Plaintiff indicates that she is as "an individual residing in Kissimmee, Florida." (See Complaint ¶ 1). Thus, Plaintiff is a citizen of the State of Florida for purposes of 28 U.S.C. § 1332.

7. Pursuant to 28 U.S.C. §1332(c)(1), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of any state where it has its principal place of business.

8. Steak N Shake's state of incorporation is Indiana, and its principal place of business is in the state of Indiana. Thus, Steak N Shake is a citizen of Indiana under § 1332(c)(1).

9. Accordingly, diversity of citizenship for the purposes of 28 U.S.C. § 1332(a)(1) exists between Plaintiff and Defendant at the time of filing this Notice of Removal.

10. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000.00."

11. Plaintiff's Complaint alleges damages in excess of $15,000 as required by Florida law to meet the jurisdictional requirement for filing in the Circuit Court in Florida. See, e.g., Burns v. Hacker, 729 So.2d 398 (Fla. 5th DCA 1998); (Compl. at ¶ 6.) However, the Eleventh Circuit has made it clear that a Federal Court considering a petition for removal is not limited to reviewing the allegations in the complaint. See Davis v. Cluet, Peabody & Co., 667 F.2d 1371, 1373 (11th Cir. 1982); see also Villarreal v. Brown Express, Inc., 529 F.2d 1219, 1221 (5th Cir. 1976) (removal); accord 14A Charles Alan Wright, Arthur R. Traverso & Edward H. Cooper, Federal Practice & Procedure ¶ 3725, at 423-24 (2d ed. 1985). Courts therefore have routinely gone beyond the pure allegations contained in complaints before them to determine whether the jurisdictional amount set forth in § 1332(a) has been met. See, e.g., Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (when necessary, even

3

allowing the district court "to consider post-removal evidence in assessing removal jurisdiction"); *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985); *see also Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 245-47 (S.D. Fla. 1982).

12. In making this determination, the Court considers the value of the rights being litigated, i.e., "the amount in controversy, reflects the potential damages a judge or jury could award if the claim is valid, the defendant liable,' and the injury compensable." *Archer v. Kelly*, 271 F. Supp. 2d 1320, 1323 (N.D. Okla. 2003); *see also Jackson v. American Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("appropriate measure is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint") (*citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)). Thus, "if a reasonable reading of the complaint discloses that the sum in controversy does in fact exceed [the jurisdictional amount,] the jurisdictional amount will be found to exist." *Estevez-Gonzalez*, 606 F. Supp. at 129.

13. A plain reading of Plaintiff's Complaint reveals that the amount in controversy exceeds the sum of $75,000.00 and thus meets the jurisdictional amount required for removal based on diversity. See 28 U.S.C. § 1332(a). Specifically, Plaintiff's Complaint states that she is seeking unpaid wages, liquidated damages, prejudgment and post-judgment interest, and attorneys' fees and costs. Thus, there are at least three bases for finding that the jurisdictional amount has been met under 28 U.S.C. § 1332(a).

14. In correspondence dated March 14, 2016, Plaintiff provided Defendant

pre-suit notice she was seeking $27,482.00 in wages. This number liquidated amounts to $54,964.11. Once attorneys' fees are added, as described below, Defendant clearly establishes the requisite $75,000.00 amount in controversy standard.

15. Importantly, the Eleventh Circuit has stated that "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *Cohen*, 204 F.3d 1069. The Florida Minimum Wage Act, Fla. Stat. § 448.110, the Fair Labor Standards Act, 29 U.S.C. § 207, and the Florida Constitution, Fla. Const. Art. X §24(c) all provide for a statutory basis for recovery of reasonable attorney's fees as damages. Since attorney's fees are permitted by applicable law and are requested here, they should also be included in analyzing the amount in controversy. *See Morrison*, 228 F.3d at 1265. Should this matter go to trial, attorneys' fees alone will likely exceed $75,000.00.

16. Because the amount in controversy clearly exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states – Plaintiff being a citizen of Florida and Defendant being a citizen of Indiana – the District Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a). Thus, this case may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a).

### III. NOTICE AND TIMELINESS

17. Finally, this petition and notice thereof has been given to Plaintiff, and has been filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, within thirty days of the date service was deemed effected and is therefore timely according to 28 U.S.C. § 1446. *See Murphy Brothers, Inc. v. Michetti*

*Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

18. The required filing fee of $400.00 and an executed civil cover sheet accompany this Notice.

WHEREFORE, Defendant respectfully removes this action, pending in the Ninth Circuit Court of Osceola County, Florida to the United States District Court in the Middle District Court of Florida, Orlando Division.

Dated: May 3, 2016.

        LITTLER MENDELSON, P.C.
        111 North Magnolia Avenue
        Suite 1250
        Orlando, Florida 32801
        Telephone:  407.393.2900
        Facsimile:  407.393.2929

BY:  */s/ Melanie Z. Zaharias*
      Anthony J. Hall, Esquire
      Florida Bar No.: 0040924
      Email: ajhall@littler.com

      Melanie A. Zaharias, Esquire
      Florida Bar No.: 0036828
      Email: mzaharias@littler.com

      Attorneys for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the E-File system and a correct copy of the foregoing has been furnished by the court via electronic mail to: Kevin Vorhis, Esquire, Cohen Grossman, 350 North Lake Destiny Road, Maitland, Florida 32789, kvorhis@cohenbattisti.com and Carrie@cohenbattisti.com on this 3rd day of May, 2016.

        */s/ Melanie Z. Zaharias*
        Melanie A. Zaharias, Esquire

Firmwide:140023709.1 060636.1015