Filing # 39942553 E-Filed 04/06/2016 04:04:58 PM

**IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND
FOR OSCEOLA COUNTY, FLORIDA**

**CASE NO.:**

**Melody Jones,**

**Plaintiff,**

**v.**

**Steak N Shake Operations, Inc.
d/b/a Steak & Shake #285,**

**Defendant.**

______________________________________/

# COMPLAINT

COMES NOW the Plaintiff, Melody Jones, individually, by and through the undersigned attorney and sues the Defendant, Steak N Shake Operations, Inc. d/b/a Steak & Shake #285 (hereinafter sometimes referred to as "Steak & Shake #285"), and alleges as follows:

## The Parties

1. Plaintiff resides in Kissimmee, Florida. Plaintiff worked at the Defendant corporation as a server from approximately August 3, 2010 to March 3, 2016. The relevant statutory period is March 14, 2011 to March 3, 2016.

2. At all times relevant to this action, Plaintiff has been a tipped employee engaged in commerce or the production of goods for commerce on behalf of the Defendant.

3. Plaintiff is a covered employee within the meaning of the Florida Minimum Wage Act ("FMWA") through its incorporation of the Fair Labor Standards Act ("FLSA") into Florida law.

4. Upon information and belief, at all material times hereto, Defendant, Steak & Shake #285, was a corporation duly licensed to transact business in the State of Florida.

Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in Osceola County, Florida.

5. Defendant is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (2) an annual gross sales in excess of $500,000.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction pursuant to Fla. Stat. § 448.110. This is an action for violation of the FMWA with damages in excess of fifteen thousand dollars ($15,000.00), exclusive of interests, costs, and attorney's fees.

7. Venue is proper in Osceola County pursuant to Fla. Stat. § 47.051 because acts giving rise to the claims of the Plaintiff occurred within this judicial district, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**Nature of the Action**

8. Defendant is the owner of Steak N Shake Operations, Inc. d/b/a Steak & Shake #285 restaurant located in Kissimmee, Florida.

9. Plaintiff was employed as a Server by the Defendant, a "Tipped Employee" as defined by the FWMA, from approximately August 3, 2010 through approximately March 3, 2016.

10. Fla. Const. art. X, § 24(c) states, "for tipped Employees meeting eligibility requirements for the tip credit under the FLSA, Employers may credit towards satisfaction of the

Minimum Wage tips up to the amount of the allowable FLSA tip credit in 2003."

11. Section 3(m) of the FLSA permits an employer to take a "tip credit" toward its minimum wage obligation for Tipped Employees equal to the difference between the tipped minimum wage and the applicable state minimum wage. For instance, in 2016 the Florida State Minimum Wage is $8.05, the statutorily permitted tip credit is $3.02, and the tipped minimum wage is $5.03.

12. The Defendant willfully and improperly applied a tip credit to every hour that the Plaintiff worked, even when Plaintiff was clearly engaged in non-tipped tasks exceeding twenty percent 20%, and when Plaintiff was required to perform non-server duties.

13. Defendant improperly utilized the tip credit and unjustly benefitted by saving the tip credit amount for each hour Plaintiff worked. With this great savings comes great responsibility. Plaintiff was not able to obtain tips or perform tip-generating work while being paid at the reduced tip credit rate, causing the Defendant to benefit at the detriment of Plaintiff.

14. In addition to tipped work, Plaintiff was required by Defendant to perform non-tipped work for which Plaintiff was paid at the reduced tip credit rate. Examples of such non-tipped generating labor which the plaintiff performed include:

   a. Beverage area set up assignments: stocking glasses, straws, napkins, coffee cups and saucers; cutting lemons, limes, cherries and other garnish fruit;

   b. Cleaning and preparing the to-go station: stocking the to-go area; cleaning and wiping the hostess station; rolling silverware;

   c. Table set up, break down, and cleaning projects: cleaning and wiping the wait station; cleaning and wiping table tops; cleaning and wiping chairs and booths; aligning and straightening chairs; refilling salt and pepper; cleaning condiment

holders; stocking sugar sweeteners, ketchup, and table sauces; cleaning and wiping menus; polishing silverware, organizing, and moving silverware to the front of the restaurant;

d. Food preparation and kitchen related obligations: stocking and icing milk and cream; stocking sugar and sweeteners, coffee, decaf, tea, bottled drinks; brewing coffee and tea; weighing prepared food for the kitchen; refill and restock dressings and sauces; preparing miscellaneous food for the kitchen;

e. Maintenance and janitorial undertakings: placing trash cans in designated area; checking restrooms for cleanliness and supplies; dusting lamps, shelves, and picture frames in the dining area; checking the entry and waiting area floors, attending to any miscellaneous cleaning if necessary; stocking printer paper, if back-up rolls were needed; checking the floor and sweeping and mopping if necessary; dusting surfaces in the entry and waiting area; wiping water from the sinks in the restrooms;

f. Undesignated skeleton crew duties to maintain restaurant performance: running food for other tables; assisting other stations with their work.

15. The non-tipped work for which Plaintiff was paid at a reduced rate exceeded twenty percent (20%) of Plaintiff's time at work.

16. As a result, Plaintiff is entitled to at least the applicable minimum wage for each hour worked where Defendant improperly applied the tip credit, rather than paying Plaintiff regular minimum wage.

17. Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying the wages owed to Plaintiff.

18. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

19. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, in this specific instance a 'server', rather than the tasks performed at the direction of the Defendant.

20. On March 17, 2016, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

**COUNT I: FLORIDA MINIMUM WAGE ACT – UNPAID WAGES**

21. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

22. At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the Florida Minimum Wage Act, Fla. Stat. § 448.110.

23. At all relevant times, Defendant employed Plaintiff within the meaning of the Florida Minimum Wage Act.

24. Plaintiff brings this action as a former hourly employee of the Defendant who willfully refused to pay a wage during Plaintiff's employment. For time spent during Plaintiff's employment, Defendant took a "tip credit" from Plaintiff's wages. Thus, Defendant paid Plaintiff at a rate less than the applicable minimum wage.

25. Pursuant to Fla. Stat. § 448.110 and Fla. Const. art. X, § 24(c), a tip credit exemption from Florida's minimum wage requirements may only be taken when the Employer would otherwise be eligible to do so under the FLSA.

26. In both policy and practice, the Defendant regularly and consistently required the Plaintiff to perform non-tipped labor in excess of twenty percent (20%) of Plaintiff's time spent working. This occurred before, during, and after scheduled shifts. As such, full minimum wage for such time is owed.

27. As a result of Defendant's willful failure to compensate the Plaintiff the applicable state minimum wage for all hours worked, Defendant has violated Fla. Stat. § 448.110.

28. Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act within the meaning of Fla. Stat. § 448.110.

29. Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage for time spent working.

30. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

31. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

32. On March 17, 2016, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

33. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant, compensation for unpaid wages, an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorney's fees and costs of this action under Fla. Stat. § 448.08, § 448.104 and § 448.110.

## COUNT II: DUAL OCCUPATION

34. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

35. Defendant required that plaintiff perform certain dishwasher duties including but not limited to: washing dishes, emptying, maintaining, and working in the dish pit, cleaning coffee pots, cleaning blacks, cleaning glasses. These duties were not related to tipped duties. These tasks were performed while Plaintiff was paid the Florida minimum wage for Tipped Employees, rather than the proper Florida minimum wage.

36. Defendant required that plaintiff perform certain janitorial duties including but not limited to: sweeping the floor, mopping the floor, scrubbing walls, clean crumb catchers, and being responsible for maintaining the overall the cleanliness of the restaurant. These duties were not related to tipped duties. These tasks were performed while Plaintiff was paid the Florida minimum wage for Tipped Employees, rather than the proper Florida minimum wage.

37. Defendant required that Plaintiff perform certain hostess duties but not limited to seating guests and arranging guests These duties were not related to tipped duties. These tasks were performed while Plaintiff was paid the Florida minimum wage for Tipped Employees, rather than the proper Florida minimum wage.

38. Defendant required that Plaintiff perform certain server assistant and kitchen duties but not limited to: running food to tables; bussing tables; and preparing shakes. These duties were not related to tipped duties. These tasks were performed while Plaintiff was paid the Florida minimum wage for Tipped Employees, rather than the proper Florida minimum wage.

39. Defendant required that Plaintiff perform certain management duties including but not limited to training servers; restocking items, and being responsible for taking inventory.

These duties were not related to tipped duties. These tasks were performed while Plaintiff was paid the Florida minimum wage for Tipped Employees, rather than the proper Florida minimum wage.

40. Plaintiff performed these duties well in excess of twenty percent. These dual occupational tasks were not 'occasional', but were often in occurrence. These dual occupational tasks were regularly not related to tip related duties.

41. The "dual occupational" tasks listed in paragraphs supra are not customarily and/or traditionally incidental, and are otherwise unrelated to, the job of a server or other tipped profession.

42. Section 448.110(3) of the Florida Minimum Wage Act incorporate the FLSA provisions regarding the regulation of minimum wage exemptions with regard to an employer "tip credit".

43. Fla. Const. art. X, § 24(c) allows an Employer to apply a tip credit to the State-mandated minimum wage "for tipped Employees meeting eligibility requirements for the tip credit under the FLSA".

44. Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act.

45. Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage equal to or greater than minimum wage for time spent performing "dual occupational" tasks.

46. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

47. Plaintiff's wages were dependent on how Plaintiff was classified as an employee,

not on the job(s) performed at the direction of the Defendant.

48. On March 17, 2016, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

49. Plaintiff is therefore entitled to compensation for the difference between wages paid and Florida's minimum wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

**COUNT III: FLORIDA CONSTITUTION – UNPAID WAGE VIOLATIONS**

50. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

51. Pursuant to Fla. Const. art. X, § 24(c), a tip credit exemption from Florida's minimum wage requirements may only be taken when the Employer would otherwise be eligible to do so under the FLSA.

52. As per Fla. Const. art. X, § 24(c), the Defendant regularly and consistently required the Plaintiff to perform non-tipped labor in excess of twenty percent (20%) of Plaintiff's time spent working. This occurred before, during and after scheduled shifts. As such, full minimum wage for such time is owed.

53. Additionally, Plaintiff was required to remain in the restaurant while being off the clock after her shifts. Plaintiff was also required to clock out once she became close to overtime. Plaintiff was instructed by her managers to clock out when nearing a certain amount of hours.

54. As a result of Defendant's willful failure to compensate the Plaintiff the

applicable state minimum wage for all hours worked, Defendant has violated Fla. Const. art. X, § 24(c).

55. Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act within the meaning of Fla. Const. art. X, § 24(c).

56. Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage for time spent working.

57. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

58. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

59. On March 17, 2016, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a) and Fla. Const. art. X, § 24(c), satisfying the Florida Minimum Wage Act presuit notification requirement.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants, jointly and severally, for the following relief:

a. Declaring that Defendants have violated the minimum wage provisions of the FMWA and FLSA;

b. Declaring that Defendants have violated the minimum wage provisions of Fla. Const. art. X, § 24;

c. Declaring that Defendants' violation of the FMWA, FLSA, and Fla. Const. art. X, §

24 were willful;

d. Awarding Plaintiff liquidated damages as a result of Defendants' violation of the FMWA, FLSA, and Fla. Const. art. X, § 24;

e. Awarding the Plaintiff damages for all unpaid wages;

f. Awarding the Plaintiff pre-judgment and post-judgment interest under the FMWA, FLSA and Fla. Const. art. X, § 24;

g. Awarding the Plaintiff reasonable attorneys' fees, costs, and disbursements pursuant to the FMWA, FLSA and Fla. Const. art. X, § 24; and

h. Where Defendant, an employer, does not have records and fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

i. Awarding such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated April 6, 2016

*/s/ Kevin Vorhis*

Kevin Vorhis, Esquire
Florida Bar number: 0118482
Cohen Grossman, Attorneys at Law
350 North Lake Destiny Road
Maitland, Florida 32751
Telephone: (407) 478-4878
Facsimile: (407) 478-0204
Primary: kvorhis@itsaboutjustice.LAW
Secondary: carrie@itsaboutjustice.LAW
Counsel for Plaintiff