UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MELODY JONES,

    Plaintiff,

v.                                                               Case No: 6:16-cv-758-Orl-28TBS

STEAK N SHAKE OPERATIONS, INC.,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice and Accompanying Memorandum of Law (Doc 28). Upon due consideration I respectfully recommend that the motion be **denied** and that this case be **remanded** to the state court.

Plaintiff Melody Jones filed suit against Defendant Steak N Shake Operations, Inc. in state court, alleging violations of the Florida Minimum Wage Act, and the Florida Constitution (Doc. 2). The complaint prays for damages in excess of $15,000, liquidated damages, interest, costs and attorney's fees (Id.). Apparently recognizing that the complaint does not raise a federal question, Defendant removed the case to this Court based upon the alleged existence of diversity jurisdiction (Doc. 1). But, when counsel for Defendant completed the civil cover sheet filed with this Court, she checked the box stating that this is a Fair Labor Standards Act ("FLSA") case (Doc. 1-1).

Removal to federal court is governed by 28 U.S.C. § 1441(a), which provides in part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the

United States for the district and division embracing the place where such action is pending."

Removal statutes are strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."); see also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court."). As the party seeking federal jurisdiction, the burden is on Defendant to establish diversity jurisdiction as of the date of removal. Pretka v. Kolter City Plaza II, Inc. 608 F.3d 744, 751 (11th Cir. 2010). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and must present facts establishing its right to remove. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. Id., 269 F.3d at 1321.

A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal law requires complete diversity, which means that "every plaintiff must be diverse from every defendant." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

Defendant alleges that it was incorporated in and has its principal place of business in Indiana (Doc. 1, ¶ 8). Plaintiff's complaint states that she "resides in Kissimmee, Florida." (Doc. 2, ¶1). Based upon this averment, Defendant concluded that, "Plaintiff is a citizen of Florida for purposes of 28 U.S.C. § 1332." (Doc.1, ¶ 6). As this Court knows, residence and citizenship are not the same thing. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must

be alleged in the complaint to establish diversity for a natural person."). The citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989); see also McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (domicile requires both residence in a state and "an intention to remain there indefinitely....") (internal quotation marks omitted). When the case was removed, Defendant failed to direct the Court to any evidence that Plaintiff had an intent to remain indefinitely in Florida. Consequently, Defendant failed to show that the parties are diverse.

Where, as here, Plaintiff does not plead a specific amount of damages in her complaint, "[a] removing defendant may rely on its own affidavits, declarations, or other documentation to establish the amount in controversy." McGee v. Sentinel Offender Servs., LLC, 719 F.3d 1236, 1241 (11th Cir. 2013) (citing Pretka, 608 F.3d at 755).

Defendant argues that to satisfy the amount in controversy requirement the Court should consider "'the potential damages a judge or jury could award if the claim is valid, the defendant liable, and the injury compensable." (Doc. 1, ¶ 12) (quoting Archer v. Kelly, 271 F. Supp. 2d 1320, 1323 (N.D. Okla. 2003)). Then, Defendant asserts that "if a reasonable reading of the complaint discloses that the sum in controversy does in fact exceed [the jurisdictional amount,] the jurisdictional amount will be found to exist." (Id.) (quoting Estevez-Gonzalez v. Kraft, Inc., 606 F. Supp. 127, 129 (S.D. Fla. 1985)).

In her complaint Plaintiff alleges that "Defendant willfully and improperly applied a tip credit to every hour that [she] worked, even when [she] was clearly engaged in non-tipped tasks exceeding twenty percent 20%, and when [she] was required to perform non-server duties." (Doc. 2, ¶ 12). It is impossible from Plaintiff's averments to discern the amount in controversy.

But, Defendant represented in the notice of removal that it had received a pre-suit notice from Plaintiff in which she stated that she was seeking $27,482 in wages (Doc. 1, ¶ 14). Defendant failed to attach a copy of this pre-suit notice to its notice of removal and I have been unable to locate the pre-suit notice in the record. In the absence of facts to support the amount claimed in the pre-suit notice, this is not sufficient to show the amount in controversy. Arboleda v. State Farm Mut. Auto. Ins. Co., No. 2:17-cv-406-FtM-99CM, 2017 WL 3712481, at *2 (M.D. Fla. Aug. 29, 2017) ("A pre-suit demand letter 'supported by documented medical bills and specific medical diagnoses[ ] … may be sufficient to plausibly allege the amount in controversy exceeds $75,000.'") (quoting Hernandez v. Burlington Coat Factory of Fla. LLC, No: 2:15-cv-403-FtM-29CM, 2015 WL 5008863, at * 2 (M.D. Fla. Aug. 20, 1015)); Mick v. De Vilbiss Air Power Co., No. 6:10-cv-1390-Orl-28GJK, 2010 WL 5140849, at *2 (M.D. Fla. Dec. 14, 2010) ("A demand letter devoid of facts enabling the receiver to evaluate the claim may be considered 'nothing more than mere posturing.'") (quoting Reynolds v. Busch Ent. Corp., No. 8:03-cv-288-T-17MSS, 2003 WL 25569730, at *5 (M.D. Fla. June 18, 2003)). Defendant's pre-suit notice is not evidence to show that the amount in controversy exceeded $75,000 when the case was removed to this Court.

Finally, Defendant states that "[o]nce attorneys' fees are added, as described below, Defendant clearly establishes the requisite $75,000.00 amount in controversy standard." (Doc. 1, ¶ 14). Then Defendant concludes, without providing any basis for its assertion, that if the case went "to trial, attorneys' fees alone will likely exceed $75,000.00." (Id., ¶ 15). The Court relies upon the amount of attorney's fees at the time of removal, and not what may be incurred at some later date, in determining the amount in controversy. "The general rule is that the amount in controversy is determined at the time of removal, and subsequent matters that affect the amount will not divest the court of

jurisdiction. Similarly, subsequent matters which affect the amount in controversy will not retroactively establish jurisdiction." Waltemyer v. Northwestern Mut. Life Ins. Co., No. 2:06-cv-597-FtM-29DNF, 2007 WL 419663, at *(M.D. Fla. Feb. 2, 2007) (internal citation omitted). There is no evidence concerning the amount of Plaintiff's attorney's fees when the case was removed and consequently, this is not a factor in determining the amount in controversy.

Sometimes, the Court will give the removing defendant an opportunity to submit additional evidence before remanding a case. In this instance, I find that would be futile because, even if Defendant could establish Plaintiff's citizenship, the parties' settlement agreement provides for the payment of $2,500 to Plaintiff, which she acknowledges represents full compensation, and her attorney has agreed to accept $5,000 for his fees and costs (Doc. 28-1). Since Plaintiff's full compensation totals $2,500, even with the addition of liquidated damages, interest, attorney's fees and costs, this case never came close to satisfying the $75,000 amount in controversy requirement.

For these reasons, I find that the Court is without jurisdiction and respectfully recommend that the case be remanded to the state court. If the Court disagrees, and finds that it does have jurisdiction, then, because Plaintiff never sued for a violation of the FLSA, I fail to see why the Court is being asked to approve the parties' settlement agreement, and I respectfully recommend that their motion for approval be denied.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 31, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record